UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL CORDOVA, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>IMPERIAL COUNTY NARCOTICS TASK FORCE, a California governmental entity; COUNTY OF IMPERIAL, a California governmental entity; IMPERIAL COUNTY DISTRICT ATTORNEY; and IMPERIAL COUNTY SHERIFF'S OFFICE, a California governmental entity; GILBERT G. OTERO, an individual; and RAYMOND LOERA, an individual,<br><br>                                    Defendants. | Case No.: 3:21-cv-00445-H-DEB<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Doc. Nos. 27, 28.] |

On March 12, 2021, Plaintiff Jose Manual Cordova filed a Complaint against several municipal entities and employees pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On April 7, 2021, Imperial County Narcotics Task Force, County of Imperial, Imperial County Sheriff's Office, Imperial County District Attorney, Gilbert G. Otero, and Raymond Loera (the "Imperial Defendants") filed an answer to Plaintiff's Complaint.[1] (Doc. No. 11.) A

---

[1] Gilbert G. Otero is the District Attorney for Imperial County and Raymond Loera is the Sheriff for Imperial County. Both were sued in their official and individual capacities. (Doc. No. 11 at 2.) In a previous order, Mr. Otero and Mr. Loera were dismissed in their official capacities. (Doc. No. 23 at 2 n.1.) The Court considers Mr. Otero and Mr. Loera to be moving to dismiss in their individual capacities. The Court notes that in a previous

different group of defendants associated with the municipal government for the city of Fontana, California (the "Fontana Defendants") filed a motion to dismiss on that same date. (Doc. No. 12.)  On January 7, 2022, Judge Roger T. Benitez issued an order granting the Fontana Defendants' motion to dismiss on the basis that Plaintiff's claims were barred by the applicable statute of limitations and, alternatively, that Plaintiff had failed to state a claim.[2]  (Doc. No. 23, the "Order".)

On February 1, 2022, Plaintiff filed a motion to substitute attorney to name himself as his own attorney of record.  (Doc. No. 25.)  Shortly thereafter, on February 7, 2022, the Imperial Defendants moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff's claim was barred by the statute of limitations.[3]  (Doc. No. 27.)  The Court denied Plaintiff's motion to substitute attorney and instructed the Plaintiff that in order for him to proceed pro se, his counsel should move to withdraw.

---

order, Judge Roger T. Benitez recognized that Mr. Otero and Mr. Loera were never served in their individual capacities, but also suggested that an attorney entered appearance on their behalf in this suit.  (Doc. No. 23 at 7 n.8.)  Regardless, the Court dismisses all remaining defendants, including Mr. Otero and Mr. Loera, in their individual capacities, through this instant order.

[2]  Judge Benitez dismissed Plaintiff's claims against the City of Fontana, California; Christopher Macias, a law enforcement officer for the City of Fontana, in his individual and official capacities; and Carl Guthrie, a law enforcement officer for the City of Fontana, in his individual and official capacities.  (Doc. No. 23.)  Judge Benitez also dismissed all named individual defendants in their official capacities with prejudice and the Doe defendants without prejudice.  (Doc. No. 23 at 2 n.1, 3 n.3.)  This Court considers the Order to also dismiss Defendants Melanie Mague and Albert Valenzuela in their individual capacities due to Plaintiff's failure to effect timely service pursuant to Fed. R. Civ. P. 4(m). (Doc. No. 23 at 7 n.8.)  To date, Plaintiff has not filed a proof of service as to any of these persons in their individual capacities since the filing of his Complaint over one year ago.

[3]  The Imperial Defendants moved to amend their motion to dismiss on February 24, 2022 in order to correct a clerical error.  (Doc. No. 28.)  For good cause shown, the Court grants the motion to amend.  The amended motion, Doc. No. 28, is the operative motion to dismiss.

(Doc. No. 29.)  On April 27, 2022, the Court ordered that Plaintiff and his counsel appear at a hearing on the Imperial Defendants' motion to dismiss and encouraged Plaintiff to file an opposition.  (Doc. No. 31.)

The Court held the hearing on May 2, 2022.  Bryan Sahagun appeared for the Plaintiff and Chad Thurston appeared for the Imperial Defendants.  The Court granted Plaintiff's renewed request to appear pro se and Mr. Sahagun's request to withdraw as Plaintiff's counsel of record.  (Doc. No. 32.)  The Court also set a new briefing schedule on the Imperial Defendants' motion.  Plaintiff's opposition was due on July 1, 2022.  Plaintiff did not file an opposition by the deadline.

Pursuant to its discretion under Local Rule 7.1(d)(1), this Court determines that the Imperial Defendants' motion is fit for resolution without oral argument and submits the motion on the parties' papers.  Accordingly, the Court vacates the hearing on the motion scheduled for July 25, 2022.  Further, the Court converts the Imperial Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6) into a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).[4]  For the foregoing reasons, the Court grants the motion.

## BACKGROUND

From September 20, 2013 to October 3, 2013, the Imperial Defendants conducted a wiretap on the telephones of two non-party individuals pursuant to an order allowing them to wiretap for drug-related communications.  (Compl. ¶ 19.)  During the wiretap, the Imperial Defendants intercepted communications that led them to believe that a kidnapping

---

[4] Typically, if the defendant asserts a defense under Fed. R. Civ. P. 12 by motion, he must do so before filing the answer.  5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1361 (3d ed. 2002).  However, a motion for failure to state a claim upon which relief may be granted may be raised after the answer is filed through a Rule 12(c) motion.  Id.; Fed. R. Civ. P. 12(h)(2).  Accordingly, the Court construes the Imperial Defendants' motion to dismiss pursuant to Rule 12(b)(6) as a motion for judgment on the pleadings under Rule 12(c).  Gutierrez v. Chung, 2013 WL 655141, at *2 (E.D. Cal. Feb. 21, 2013) ("a post-answer motion to dismiss for failure to state a claim may be treated as a motion for judgment on the pleadings").

of an unknown person was going to take place. (Id. ¶ 20.) On October 3, 2013, "relying on nothing more than the intercepted communications obtained via wiretap" the Imperial and Fontana Defendants stopped Plaintiff and two other men, searched their vehicles and hotel rooms, and arrested them. (Id. ¶ 21.)

Plaintiff was convicted of conspiracy to commit kidnapping on May 12, 2015.[5] (Id. ¶ 22.) Plaintiff alleges that the sole evidence of his involvement in the conspiracy were the wiretap interceptions obtained by the Imperial Defendants. (Id.) Plaintiff asserts that, unbeknownst to him at the time, the wiretap order received by the Imperial Defendants was invalid because the Imperial County District Attorneys' office failed to obtain an order from the court allowing the admissibility of intercepted communications that were beyond the scope of the wiretap order, i.e., drug-related communications. (Id. ¶ 25.) In post-trial proceedings related to Plaintiff's co-defendant, the Imperial County District Attorneys' office admitted that it had failed to obtain judicial authorization pursuant to Cal. Penal Code § 629.82(a) to use evidence of crimes not specified in the wiretap order. (Id. ¶ 26.) The Imperial Defendants' failure to obtain judicial authorization is not in dispute. (Doc. No. 11 ¶ 26.)

On June 3, 2020, the Superior Court for the County of Imperial entered a Stipulation and Order that vacated the Plaintiff's because of this violation. (Id.) Plaintiff alleges that he first learned of the invalidity of the wiretap order and the use of the intercepted communications when he was served with a copy of the Stipulation and Order. (Compl. ¶ 27.) Plaintiff asserts that any delay in bringing this action was reasonable "as the matter required years of litigation to determine, with the District Attorney refusing to produce the wiretap orders and affidavits." (Id. ¶ 28.)

---

[5] On June 17, 2016, Plaintiff was sentenced to 1,136 days in jail (which he had already served) and probation. (Id. ¶ 23.) On June 17, 2019, Plaintiff's probation was terminated. (Id. ¶ 24.)

**DISCUSSION**

I.  **Legal Standard**

A Rule 12(c) motion will only be granted "when, viewing the facts as presented in the pleadings in the light most favorable to the plaintiff, and accepting those facts as true, the moving party is entitled to judgment as a matter of law." Gutierrez, 2013 WL 655141, at *3. The standard governing a motion under Rule 12(c) is essentially the same as that governing a Rule 12(b)(6) motion. Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing." Id. When a Rule 12(c) motion is used to raise the defense of failure to state a claim, the motion is subject to the same test as a motion under Rule 12(b)(6).

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Still, "[d]ismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing the plausibility of a complaint on a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). "A claim may be dismissed as untimely under Rule 12(b)(6) if the running of the statute of

limitations is apparent on the face of the complaint." Bryan v. City of Carlsbad, 297 F. Supp. 3d 1107, 1121 (S.D. Cal. Mar. 20, 2018) (citing Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010)).

## II. Statute of Limitations

The Imperial Defendants contend that Plaintiff's section 1983 claim is time barred. (Doc. No. 27-1 at 6-8.) Imperial Defendants argue that: (i) California's two-year statute of limitations for personal injury applies; (ii) Plaintiff's claim began to accrue on October 3, 2013, the date of the search and seizure; (iii) the accrual period was tolled during the pendency of Plaintiff's criminal charges; and (iv) the statute of limitations began to run on May 12, 2015 and expired two years later on May 12, 2017. (Id.) The Court agrees.[6]

Federal courts look to state law to determine the applicable statute of limitations and federal law to calculate accrual. Wallace v. Kato, 549 U.S. 384, 387-88 (2007). For Plaintiff's § 1983 claim, California's two-year personal injury statute of limitations applies. Order at 10-11; Mills v. City of Covina, 921 F.3d 1161, 1166 (9th Cir. 2019), cert. denied sub nom. Mills v. City of Covina, Cal., 140 S. Ct. 388 (2019); Cal. Civ. Proc. Code § 335.1. Plaintiff alleges violations of the Omnibus Crime Control and Safe Streets Act of 1968, 18

---

[6] The Imperial Defendants' memorandum mirrors Judge Benitez's analysis in his Order. (Id.) In the Order, Judge Benitez concludes that Plaintiff's claim is time barred. Notably, under the law of the case doctrine, this Court has limited discretion to depart from the Order. "[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) (internal quotation omitted). In this case, the Imperial Defendants seek to dismiss Plaintiff's claim on the exact same grounds that are addressed in the Order. A district court has discretion to depart from the law of the case if "(1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." Id. (citation omitted). None of these exceptions apply in this case. For purposes of the statute of limitations claim, there is no distinction between the Fontana Defendants that were dismissed by the Order and the Imperial Defendants that filed the instant motion. Thus, the law of the case applies to this motion.

U.S.C. § 2510 et seq. and Preseley-Felando-Eaves Wiretap Act of 1988, Cal. Penal Code §§ 629.50 et seq. Plaintiff's claim remains time-barred even with these allegations. Order at 10 n.9.

Under federal law, Plaintiff's claim began accruing at the time of the search and seizure. Id. at 11; Belanus v. Clark, 796 F.3d 1021, 1025-27 (9th Cir. 2015) (finding that plaintiff's § 1983 claim accrued at the time of search because the plaintiff "knew of the searches when they occurred (or shortly thereafter), and that they might be warrantless"); Mills, 921 F.3d at 1166 (plaintiff's § 1983 claim accrued at the time the search was conducted and plaintiff was arrested). The statute of limitations was then tolled during the pendency of Plaintiff's criminal charges. Order at 11-12; Harvey v. Waldron, 210 F.3d 1008, 1014-16 (9th Cir. 2000) ("hold[ing] that a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned."); Cal. Gov't Code § 945.3 ("No person charged . . . [with] a criminal offense may bring a civil action . . . against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense . . . while the charges against the accused are pending before a superior court."). The tolling ended on May 12, 2015, when Plaintiff was found guilty of conspiracy to commit kidnapping. Order at 12. Thus, the statute of limitations expired on May 12, 2017. Id. Plaintiff filed suit in this case on March 12, 2021, nearly four years after the statute of limitations expired.

### III. Leave to Amend

Plaintiff requests leave to amend his complaint if the Court finds his allegations to be insufficient. Where a motion to dismiss is granted for failure to state a claim, the Court must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); see Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010). In this circuit, there is a "strong policy permitting amendment[.]" Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 537-38 (9th Cir. 1989) (internal quotation omitted). But a district court may deny leave to amend where amendment would be futile. Id. at 538.

That is because "[l]eave to amend need not be given if a complaint, as amended, is subject to dismissal." Id. Amendment would be futile in this case because the statute of limitations on Plaintiff's claim began to run at the time of the search and seizure as a matter of law. There is no dispute that the search and seizure occurred on October 3, 2013. (Compl. ¶ 21.) Even with the applicable tolling period, the accrual period restarted on May 12, 2015, the date of Plaintiff's conviction. There is no dispute that this is the date of Plaintiff's conviction. (Id. ¶ 22.) Thus, the allegation of other facts that are consistent with Plaintiff's initial complaint cannot possibly cure the deficiency. Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 742 (9th Cir. 2008). Accordingly, leave to amend is denied.

## CONCLUSION

For the foregoing reasons, the Court grants the Imperial Defendants' motion for judgment on the pleadings. The claims against the Imperial Defendants are dismissed with prejudice. Accordingly, no defendants remain in the case. The clerk is directed to close the case. If Plaintiff files an opposition within 30 days of the date of this order, the Court will consider the opposition as a motion for reconsideration.

**IT IS SO ORDERED.**

DATED:   July 7, 2022

_____
MARILYN L. HUFF, Senior District Judge
UNITED STATES DISTRICT COURT